[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 15, 1995 Date of Application: May 26, 1995 Date Application Filed: Not indicated Date of Decision: March 28, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket Number CR 94-94879; MV 94-268676
Michael J. Devlin, Defense Council, for Petitioner.
Victor Carlucci, Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner, then 32 years of age, was convicted following a plea, of two counts of manslaughter, 2nd degree with a motor vehicle, in violation of Connecticut General Statutes § 53a-56b.
He was sentenced to consecutive terms of 10 years, execution suspended after 6 years on each count for a total effective sentence of 20 years, execution suspended after 12 years. A 5 year probationary term was imposed.
This crime occurred on June 19, 1994 at approximately 10:40 p.m. on Route 10 in Simsbury. The petitioner, who had been drinking heavily, pulled out into the oncoming traffic lane to pass a vehicle and ran head on into a motorcycle carrying the two victims. Thereafter he drove approximately 700 feet beyond the scene and around a corner where he stopped. His vehicle was significantly damaged and later found to be unmovable under its own power.
When another motorist stopped he broke the windshield of that CT Page 4934 vehicle with his fists and began to drink from a bottle of tequila in his car and was obstreperous toward the police officer who responded to the scene.
His record is replete with alcohol related offenses and includes convictions for disorderly conduct and breach of peace where he caused a scene at a McDonald's restaurant. He has two convictions for operating under the influence, in 1986 and in 1990. He also has a 1987 conviction for possession of cocaine.
His attorney argues that the average period of incarceration for multiple deaths caused by drunk driving is 7 1/2 years and that this sentence is therefore disproportionate. He also asks us to consider the likelihood that the petitioner will be deported to England when his sentence is completed.
The State's Attorney's position is that, if the sentence was indeed higher than average, it was still reasonable and appropriate under the circumstances.
We agree with defense counsel that sentences for vehicular homicides caused by alcohol are increasing in length. This is merely a reflection of societal and governmental reactions to the needless carnage caused by drunk drivers.
For comparison purposes, the Review Division, in 1997, affirmed a ten year sentence (the maximum) imposed following a plea of nolo contendere where a thirteen year old boy was killed (not a double homicide). State v. Konyslew. In the matter of In Re Kearney, we affirmed a sentence of 8 suspended to 5 years for a single death and in Dodge v. Warden, (1993); we affirmed an effective sentence of 11 years suspended after 7 1/2 for one count of manslaughter with a motor vehicle and one count of assault with a motor vehicle.
In the present case the sentence imposed of 10 years suspended after 6 years for each victim cannot be construed as unreasonable or disproportionate. Nor does the possibility of deportation affect the reasonableness of the sentence imposed.
The Division concludes this sentence is appropriate pursuant to the scope of review authorized by § 43-28 of the Practice Book.
Accordingly, it is affirmed.
KLACZAK, NORKO and IANOTTI J.s, paticipated in this decision. CT Page 4935